# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:21-cv-00057-KDB
# (5:14-cr-00021-KDB-DCK-1)

| | |
|---|---|
| MARCUS ANTONIO FERGUSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on periodic status review and Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. 1].

On April 2, 2021, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, which was in substance a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [Doc. 1]. The Court, therefore, advised Petitioner pursuant to United States v. Castro, 540 U.S. 375 (2003), that it intended to treat Petitioner's motion as one for relief under § 2255 and allowed Petitioner 20 days to agree or disagree with this characterization. [Doc. 3-4]. The Court also found on initial review under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255, that the motion appeared untimely and allowed Petitioner 20 days to explain why his motion should not be dismissed under 28 U.S.C. § 2255(f)(1) or why equitable tolling should apply. [Id.]. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

More than 20 days have passed, and Petitioner has not responded to the Court's Order. It appearing that Petitioner's motion is untimely in any event, the Court will dismiss Petitioner's

motion without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion [Doc. 1] is **DISMISSED** without prejudice.

2. The Clerk is instructed to terminate this action.

Signed: June 8, 2021

Kenneth D. Bell
United States District Judge